```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**BRANDY LINDY, et al.**                                    PLAINTIFFS

            v.          Civil No. 05-2171

**JIM RAY, INC., an Arkansas corporation,**
**d/b/a JIM RAY NISSAN of Fort Smith,**
**Arkansas, and these individuals:  BILLY**
**COOPER, MARK VANDERMOLEN, and JIM RAY**              DEFENDANTS

                        **O R D E R**

   Now on this 29th day of June, 2006, come on for consideration the following motions:

   *   defendants' **Motion To Compel Arbitration And Stay Judicial Proceedings** (document # 30);

   *   defendants' **Motion To Sever Claims Of Plaintiffs** (document #32); and

   *   **Plaintiffs' Motion To Stay Ruling On Defendants' Motion To Sever Claims Of Plaintiffs** (document #37);

and from said motions, the supporting documentation, and the responses thereto, the Court finds and orders as follows:

   1.   Plaintiffs are 80[1] individuals who allege that they were cheated in the course of 59 different vehicle purchase transactions at defendant Jim Ray Nissan of Fort Smith, Arkansas. The individual defendants are the owner, manager, and sales manager at Jim Ray Nissan.

---

[1] Most of the pleadings to date have claimed there are 79 plaintiffs. The Court has taken its count not from the style of the case, but from the allegations contained in the Third Amended Complaint, and believes there are 80 individual plaintiffs.

The case was initially filed by plaintiff Brandy Lindy in the Circuit Court of Sebastian County, Arkansas, on August 8, 2005. After it was twice amended, to add plaintiffs and several federal claims, defendants removed the matter to this Court. After removal, the Complaint was again amended, to add still more plaintiffs.

2. On January 24, 2006, the Court issued a Scheduling Order setting the matter down for trial on July 31, 2006. At that point, defendants brought to the Court's attention their concerns that trial of the case would be lengthy, given the multiplicity of, and dissimilarity between, the claims of the plaintiffs.

Upon review of the pleadings, and having concerns that the claims of the plaintiffs might not be properly joined, the Court directed the parties to brief the issue of severance.

On May 25, 2006, finding the briefs submitted by the parties less than fully satisfactory in helping to resolve the severance issue, the Court set the matter down for a status conference. Before that conference could take place, defendants filed their motions now under consideration, as well as a motion for summary judgment as to plaintiffs' RICO claim, one of the federal causes of action.[2]

---

[2] Plaintiffs suggest that the Court resolve the Motion For Summary Judgment before addressing the Motion To Compel Arbitration, contending that "[i]f the RICO count is dismissed, there will no longer be a basis for federal subject matter jurisdiction," and the Court "would lack jurisdiction to rule on the arbitration motion." This is not a correct statement of the law. The Court's jurisdiction in this case depends upon the federal claims (both RICO and the Magnuson-Moss Warranty Act), and if it were to dismiss those claims, it might *decline* to exercise jurisdiction over plaintiffs' state law claims, pursuant to 28 U.S.C. §1367(c)(3), but it would not be *deprived* of jurisdiction in such an instance.

3.  In support their of Motion To Compel Arbitration And Stay Judicial Proceedings, defendants assert that 41 of the contracts at issue (encompassing the claims of all but 13 plaintiffs) contain arbitration agreements subject to the Federal Arbitration Act.

In opposition, plaintiffs argue that defendants have waived their rights to arbitration by failing to assert them in the nine months following the filing of their initial Answer - a period of time during which substantial discovery took place and substantial sums were expended in preparing for trial.  They contend that this discovery would not have been available to defendants in arbitration, and that if arbitration is ordered, they would be prejudiced by having to prepare for each arbitration, as well as for trial of the claims as to which no arbitration provisions are applicable.

Plaintiffs also argue that defendants are not parties to any of the arbitration agreements, and thus cannot enforce them.

Finally, plaintiffs state that "there are numerous individual defenses to the various arbitration claims," and ask for additional time to raise those defenses.

4.  The question of whether or not parties to a contract have agreed that a particular dispute is subject to arbitration is a gateway issue for determination by a court, unless the parties provide otherwise, but the question of whether or not a party has waived its right to arbitration is presumptively a matter that the

arbitrator should decide. **Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002).** The Court must, therefore, defer the waiver decision to the arbitrator as to any plaintiff's claim that is subject to arbitration.

5. The question of whether any given plaintiff's claim is subject to arbitration (as well as the other arguments mounted by plaintiffs in opposition to arbitration) brings into focus the point at which the arbitration issue arose, i.e., whether plaintiffs' claims are appropriately joined in one case.

The Third Amended Complaint in this matter is 143 pages long, and contains 810 numbered paragraphs. Plaintiffs' claims are initially introduced by means of a chart categorizing the various fraud techniques alleged to have been perpetrated on them. Each plaintiff (or pair of plaintiffs) alleges being cheated using from one - up to as many as four - of these categories. Several pages are required to detail the specific allegations of each plaintiff or pair of plaintiffs. Some, but not all, plaintiffs also allege fraud in the inducement of their contracts, violations of the Magnuson-Moss Warranty Act, violations of the Arkansas Deceptive Trade Practices Act, invasion of privacy, and tortious interference with contract. One plaintiff even alleges battery. Different forms of damages are sought by the various plaintiffs.

Consideration of the foregoing has led the Court to conclude that the claims of the plaintiffs are not properly joined in this

case.  **Rule 20(a)**, governing permissive joinder, provides in relevant part that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief . . . severally, . . . in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences. . . ."  In this case, each plaintiff's (or pair of plaintiffs') claim to relief arises out of a separate transaction.  While the transactions may be part of a "series of transactions," that is really only so because they are part of the business being conducted by the defendants, i.e., selling vehicles.  It is not the "same" series of transactions.  The Court has, therefore, concluded that the claims of the plaintiffs in this matter are too dissimilar to merit their joinder.

This conclusion is strengthened by plaintiffs' arguments with regard to the Motion To Compel Arbitration.  Each transaction involved a different contract, some of which had arbitration clauses and some of which did not.  The subsequent course of those contracts has allegedly varied so greatly - some being assigned, some cancelled - that the plaintiffs contend each must be allowed to assert his, her, or their own individual defenses to the issue of arbitration.

Where parties are not properly joined in a case, **F.R.C.P. 21** authorizes that party to "be severed and proceeded with separately." The Court finds that to be the appropriate method of handling this case, and will, therefore, grant defendants' Motion To Sever.

Because the Court has concluded that there is no need to hear oral arguments on the issue, Plaintiff's Motion To Stay Ruling On Defendants' Motion To Sever Claims Of Plaintiffs, which is essentially a request that the Court defer ruling on the Motion To Sever until a status conference is held, will be denied.

 6. The following guidelines will be observed with regard to the severance:

 * The Clerk of Court is to sever from Brandy Lindy's case each of the following numbered discrete claims, placing each into a separate newly-created case:

```
1.   Jennifer Dumond
2.   Doris Reynolds
3.   Tabatha Caldwell
4.   Melanie Taylor and Michael Nixon
5.   Dennis and Connie Meadors
6.   Jason Runyon
7.   Gary Whittington
8.   Harold Slusher
9.   Sherry Cobb
10.  Sam Cross
11.  Gary Graver
12.  Suzell Gillooley
13.  Hanh Van Nguyen
14.  Mary Gattis
15.  Shirley Ann Nichols
16.  Lisa McGee
17.  Heather Shelby
18.  Mary Wilson
19.  Jimmy West
20.  Aaron and Lanna Rice
21.  LaDonna Brown and Haven Plaster
22.  Wendy Jo Baxter
23.  J.D. Swafford and Pam Wisdom
24.  Arnulfo and Maria Manjarrez
25.  Cherry and Breanna Wibbing
26.  Jennifer McDaniel and Timmy Adams
27.  Melissa Pittman
28.  Christine Redford
```

```
29.  Bill and Laura Franklin
30.  Clayton and Lisa Matthews
31.  LeAnnette Simpson
32.  Ponciano Flores
33.  Rebecca Harris
34.  Donnie Kendrick
35.  Phillip and Donnie Jo Sanders
36.  Daniel Bahr
37.  Vickey Simmons
38.  Roy (Chris) Burkhart
39.  Kelly Ann Ray
40.  Tina McNeil
41.  Fonda Caldwell
42.  Alisha Shepard and Rosie Cravens
43.  Daniel and Trina Garnes
44.  Bill and Mary Warren
45.  Floyd Everly
46.  Kara Belt
47.  James Darrohn
48.  Brandon and Jacqueline Piercy
49.  Stephen Cross
50.  John and Lori Greer
51.  Kevin and Delta Jacobs
52.  DeAnna Brewer and Betty Kerschner
53.  Manuel Hinojosa and Joe Fisher
54.  Terri and Michael Arredondo
55.  Patrick McGuire
56.  Sara Norton
57.  Cheryl Gwaltney
58.  E.B. "Chad" Lowe, III and Sharon Lowe
```

\*      The pleadings from the instant case are to be copied to each of the newly created cases, so that the docket and file of each will fully reflect the history of that case.

\*      Filing fees for the 58 newly created cases will be waived.

\*      All pending motions except for plaintiff Lindy's Motion For Partial Summary Judgment (document #9) and those motions resolved by this Order will be terminated, without prejudice to their renewal on a case-specific basis.

\*      The plaintiff or plaintiffs in each of the resulting 59

cases (including the instant case, which will be retained with only Brandy Lindy as plaintiff) are directed to file an amended complaint setting forth his, her, or their specific allegations, within thirty (30) days of this Order.

* Answers to such amended complaints will be due within eleven (11) days of the filing of each such amended complaint.

* A copy of this Order is to be made a part of each newly-created case.

**IT IS THEREFORE ORDERED** that defendants' **Motion To Compel Arbitration And Stay Judicial Proceedings** (document # 30) is **denied**, without prejudice to being renewed as to any discrete claim once severance is accomplished.

**IT IS FURTHER ORDERED** that defendants' **Motion To Sever Claims Of Plaintiffs** (document #32) is **granted**, with the details of severance to proceed as directed in ¶6 of this Order.

**IT IS FURTHER ORDERED** that **Plaintiffs' Motion To Stay Ruling On Defendants' Motion To Sever Claims Of Plaintiffs** (document #37) is **denied.**

**IT IS FURTHER ORDERED** that the July 31,2006, trial setting for this matter is continued *sine die.*

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**